UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RONDA MERCER,

   Plaintiff,

-VS-

CASE NO.:

MACY'S CREDIT AND CUSTOMER
SERVICES, INC.,

   Defendant.

_____/

6:15-cv-1745-Orl -31 TBS

## COMPLAINT

COMES NOW Plaintiff, Ronda Mercer, by and through the undersigned counsel, and sues Defendant, Macy's Credit and Customer Services, Inc. (hereinafter "Macy's"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

## INTRODUCTION

1.    The TCPA was enacted to prevent companies like Macy's from invading American citizen's privacy and prevent abusive "robo-calls."

2.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3.    "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give

telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4.       According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." Fact Sheet:  Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5.       This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and costs.

6.       Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

7.       The alleged violations described in the Complaint occurred in Orange County, Florida.

## FACTUAL ALLEGATIONS

8.       Plaintiff is a natural person, and citizen of the State of Florida, residing in Orange County, Florida

9.       Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

10.      Plaintiff is an "alleged debtor."

11.      Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

2

12.     Defendant, Macy's, is a corporation with its principal place of business located at 4705 Duke Dr., Mason, OH 45040 and which conducts business in the State of Florida through its registered agent, Corporation Service Company, 1201 Hays St., Tallahassee.

13.     The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

14.     Macy's called Plaintiff approximately Three Thousand (3,000) times since January 1, 2014, in an attempt to collect a debt.

15.     Macy's attempted to collect a debt from Plaintiff by this campaign of telephone calls.

16.     Macy's intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day and on back to back days, with such frequency as can reasonably be expected to harass.

17.     On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention.

18.     Each call Macy's made to Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C § 227(a)(1).

19.     Each call Macy's made to Plaintiff's cell phone was done so without the "express permission" of Plaintiff.

20.     On or around January 1, 2014, Plaintiff began receiving automated calls to her cellular telephone (***-***-4658) from Macy's attempting to collect on a balance.

21.     After receiving a few automated calls from Macy's Plaintiff spoke to agent and informed Macy's that she did not have the money to pay right now and that she did not want to

3

be called against – however the agent ignored her request for a cessation of calls and continued to press Plaintiff to make a payment.

22.    On another occasion when speaking to agent of Macy's, Plaintiff once more reiterated that she could not pay and to stop calling her – to which the agent responded that while she could write down a note in the system to stop calling it would in actuality do nothing, as while the calls may stop for a short period, they would resume again shortly thereafter.

23.    In total, on approximately five (5) occasions, Plaintiff would answer and speak to agents of Macy's, always stating that she could not pay and to stop calling her, all of her requests being futile as Macy's continued to bombard Plaintiff with automated collection calls.

24.    Due to the high volume of automated calls received to her cellular telephone from Macy's, Plaintiff was not able to properly catalogue each and every call, however below is a very small sampling of said calls:

      i)      July 23, 2015 at 8:08 a.m. from 513-579-8739

      ii)     July 23, 2015 at 8:09 a.m. from 513-579-8739

      iii)    July 23, 2015 at 10:02 a.m. from 513-754-9874

      iv)    July 23, 2015 at 4:12 p.m. from 513-573-8739

      v)     July 23, 2015 at 7:15 p.m. from 513-579-8739

      vi)    July 28, 2015 at 8:21 a.m. from 513-754-9837

      vii)   July 28, 2015 at 8:23 a.m. from 513-754-9837

      viii)  July 28, 2015 at 7:28 p.m. from 513-754-9837

      ix)    July 28, 2015 at 7:29 p.m. from 513-754-9837

      x)     July 29, 2015 at 8:17 a.m. from 513-754-9837

      xi)    July 29, 2015 at 8:19 a.m. from 513-754-9837

      xii)   July 29, 2015 at 4:16 p.m. from 513-754-9837

xiii)   July 29, 2015 at 4:16 p.m. from 513-754-9837

xiv)   July 29, 2015 at 7:16 p.m. from 513-754-9837

25.    Macy's has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

26.    Macy's has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or Macy's, to remove the number.

27.    Macy's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Macy's that they wish for the calls to stop.

28.    Macy's has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

29.    Macy's has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requests for cessation. Attached hereto as Exhibit "1" is a very small sample of some complaints that can be found online concerning Macy's automated telephone harassment.

30.    Macy's corporate policy provided no means for Plaintiff to have her number removed from the call list.

31.    Macy's has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to receive calls.

32.    Plaintiff did not expressly consent to Macy's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Macy's placement of the calls.

33.     Not a single call placed by Macy's to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

34.     Macy's willfully and/or knowingly violated the TCPA with respect to Plaintiff.

## COUNT I
### (Violation of the TCPA)

35.     Plaintiff incorporates Paragraphs one (1) through thirty-four (34).

36.     Defendant willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

37.     Defendant knowingly violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

38.     Macy's repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Macy's for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

39.     Plaintiff incorporates paragraphs one (1) through thirty-four (34).

40.     At all times relevant to this action Macy's is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

41.   Macy's has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

42.   Macy's has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

43.   Macy's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Macy's for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

William Peerce Howard, Esq.
Morgan & Morgan, Tampa,  P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele:  (813) 223-5505
Fax:  (813) 223-5402
bhoward@forthepeople.com
Florida Bar #:  0103330
Attorney for Plaintiff